|1KLIEBERT, Chief Judge.
Louis Judson appeals a trial court judgment in favor of Roland Juge, Jacqueline Juge and Jennifer Juge for damages incurred by the Juges following a bicycle/pedestrian accident between Mr. Judson and Jennifer Juge. The trial court ruled Mr. Judson was at fault, rejected his claim for damages due to Jennifer Juge’s alleged fault, and awarded the Juges $61,377.43. Judson and his insurer, United Fire & Casualty Company, appeal. We affirm.
On June 3, 1992, Mr. and Mrs. Juge and their ten year old daughter were taking an evening walk on East Butterfly Circle in Gretna, Louisiana, a circular-shaped street. It was still daylight as the Juges came toward the end of their walk. Louis Judson had been riding his ten speed bicycle on the street. He attempted to pass the Juges on the rear right side when he and Jennifer Juge collided.
The trial court awarded damages as follows:
Past Medical Expenses (stipulated) $ 3,377.43
Future Medical Expenses (future) 16,000.00
General Damages (for Jennifer Juge) 40,000.00
General Damages for Roland Juge, Jr. 1,000.00
General Damages for Jacqueline Juge 1,000.00
ROn appeal, Judson contends the trial court erred in denying him a jury trial, in finding fault on the part of Mr. Judson, in failing to find the Juges at fault and hence awarding Judson damages, and that the award to Jennifer Juge is excessive. We find no merit in any of these contentions.
Judson originally filed suit for property damage and injury against Mr. and Mrs. Juge in Justice of the Peace Court. That matter was transferred to the Twenty-fourth Judicial District Court, consolidated with the action filed by the Juges and proceeded to trial. Judgment was rendered and signed on May 6,1994. Notice of signing the judgment was issued the same date. Judson then timely moved for a suspensive appeal, also on May 6, 1994, of the trial court judgment of the consolidated action. The Juges filed a Motion to Dismiss Appeal in this Court alleging Mr. Judson had not appealed individually from the judgment rendered against him in the action originally filed in the Justice of the Peace Court. We disagree with the Juges. The petition for appeal was timely filed on behalf of “Louis Judson and United Fire and Casualty Co.” and clearly is an appeal of the final judgment dated May 6, 1994. The May 6, 1994 judgment encompassed both the action filed by Mr. Judson and the action filed by the Juges. Thus, Mr. Judson timely per *314 fected an appeal of the denial of his action seeking property damage and damages for bodily injury. The motion to dismiss his appeal is denied.
Mr. Judson’s first assigned error is that the trial court erred in striking his request for a jury trial. The trial court refused to allow a jury because Judson failed to place a jury deposit as per its order of December 16,1992 despite Judson being prepared to post the security on the morning of trial. The trial court order states as follows:
IT IS ORDERED that this matter be tried by a jury.
⅜* $ ⅜ ⅜ $ ⅜
In Accordance with C.C.P. Art. 1734 in lieu of the Bond required in C.C.P. Art. 1734 the Mover for the Jury Trial shall Deposit $300.00 (Cash) per day for each day the Trial is estimated to last. The Cash Deposit shall be Filed with the Clerk of Court within seven days prior to Trial. The Attorney for the Mover shall present the ^receipt for the Deposit to the Court Prior to Commencement of the Trial. GRETNA, LA. THIS 16th day of December, 1992.
S/
JUDGE
Because Judson did not post the deposit seven days before trial, the trial court did not allow the case to be tried before a jury.
Counsel for Judson argued to the court that he was never served with the jury order despite the notation on the pleading that a copy was mailed to the attorneys on January 8, 1993.
Service by mail is acceptable, LSA-C.C.P. art. 1313, and was not rebutted by counsel’s argument. Because the jury deposit was not timely posted, we see no error in the trial court order denying a trial by jury.
Next, Judson contends the trial court erred in finding 100% fault on his part and that the damages awarded to Jennifer Juge are excessive. Judson argues that because the Juges were walking in the street instead of on the sidewalk, that makes them at least partially at fault when a bicycle rider approached from the rear and hit the pedestrian. If we were to accept Mr. Judson’s argument, pedestrians would never be allowed to walk in the street. We are not prepared to rule that people cannot walk on residential streets, without bearing responsibility for any accident which may occur, especially where vehicular traffic is minimal. However, each ease must turn on its own facts.
In Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985), the Supreme Court enumerated the following factors to be used in determining the degree of fault assigned:
(1) Whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligence conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
I4AII the factors enumerated in Watson weigh in favor of the Juges. The Juges were walking three abreast on East Butterfly Circle, a residential street with minimal vehicular traffic. Jennifer was approximately six to eight feet off the right curb; her father was just to her left, and her mother to his left. Mr. Judson had passed them at least once earlier and approached again from the rear. The Juges were unaware that he was approaching. He was travelling approximately 15 miles per hour on his bicycle and attempted to pass the Juges between Jennifer (then ten years old) and the right curb. He did not slow down nor did he attempt to notify the Juges that he was approaching. He came upon Jennifer just as she moved to the right because someone in her group heard a car approaching. Judson passed the car and ran into Jennifer. The collision knocked Jennifer unconscious. The trial judge found Mr. Judson was the sole fault of this accident. After a careful review of the record, we see no error in the trial court so holding.
*315 Judson also contends the trial court awarded Jennifer Juge excessive damages.[1] An award of damages by the trier of fact may not be disturbed unless the appellate court finds an abuse of discretion after an articulated analysis of the facts. If an abuse of discretion is found after such an analysis, then the court may resort to prior awards in comparable cases for guidance in fixing the appropriate award. Reck v. Stevens, 373 So.2d 498 (La.1979). Even then, the award may only be lowered (or raiséd) to the highest (or lowest) point which is reasonably within the trial court’s discretion. Tracy v. Parish of Jefferson, 523 So.2d 266 (5th Cir. 1988) citing Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Jennifer Juge sustained serious injuries. Her face was swollen where she was unable to open her mouth or eat. Her entire summer vacation was spent recovering. She was scarred on her face, nose, knee and elbow. Her most serious injury was to her teeth. A number of her permanent teeth were loosened. At the time of trial, she had undergone one root canal with three more anticipated. Each 15of those teeth would also require crowns which, due to Jennifer’s age, would likely require numerous replacements. The trial court awarded Jennifer $40,000.00 in general damages and $16,000.00 in future medicals.
Based on the record before us, we cannot say the trial court’s award was an abuse of discretion. Hence, we refuse to modify the award.
For the foregoing reasons, the trial court judgment is affirmed in all respects. The motion to dismiss Mr. Judson’s appeal is denied. Judson and United Fire and Casualty Company to bear all costs of this appeal.

AFFIRMED; MOTION TO DISMISS DENIED.

. The award to Mr. and Mrs. Juge was not contested.